UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CASE NO. 26-01412-eg |
| WILLIE ADDAE TURRAL, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**NOTICE OF HEARING-**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

SOUTH CAROLINA FEDERAL CREDIT UNION, a creditor in the above-captioned Debtor's bankruptcy case, has filed a MOTION FOR RELIEF FROM THE AUTOMATIC STAY (the "Motion") with the court to seek relief from the automatic stay.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant relief sought in the Motion, or if you want the court to consider your views on the Motion, then within fourteen (14) days of service of this notice, you or your attorney must:

File with the court a written response, return, or objection at:

1100 Laurel Street
Columbia, SC 29201

Responses, returns, or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to Movant's 'counsel at the address provided below:

David B. Wheeler
Cynthia Jordan Lowery
Reid E. Dyer
MOORE & VAN ALLEN PLLC
78 Wentworth Street
Charleston, South Carolina 29401
Attorneys for South Carolina Federal Credit Union

Attend the hearing scheduled to be heard on **July 30, 2026**, **at 10:00 a.m. at the United States Bankruptcy Court, King and Queen Building, 145 King Street, Room 225, Charleston, SC 29401.**

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief prior to the scheduled hearing date, if determined to be appropriate.

**Date: June 30, 2026**

/s/ David B. Wheeler
David B. Wheeler, USDC No. 4601
Cynthia Jordan Lowery, USDC No. 5581
Reid E. Dyer, USDC No. 10723
MOORE & VAN ALLEN PLLC
78 Wentworth Street
Charleston, South Carolina 29401
Telephone: (843) 579-7000
davidwheeler@mvalaw.com
cynthialowery@mvalaw.com
reiddyer@mvalaw.com
ATTORNEYS FOR SOUTH CAROLINA FEDERAL CREDIT UNION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CASE NO. 26-01412-eg |
| WILLIE ADDAE TURRAL, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**MOTION OF SOUTH CAROLINA FEDERAL CREDIT UNION**
**FOR RELIEF FROM THE AUTOMATIC STAY**

COMES NOW, South Carolina Federal Credit Union ("Movant"), a secured creditor and party in interest in the above-captioned chapter 7 proceeding, by and through its undersigned counsel, and moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2) and Bankruptcy Rule 9014 and in support thereof shows unto the Court the following:

**FACTUAL BACKGROUND**

1. Movant holds a secured claim against the Debtor in the amount of $22,117.50 pursuant to that certain Retail Installment Sale Contract dated September 27, 2023 (the "Loan Agreement"), a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

2. The Loan Agreement is secured by a 2014 Jeep Wrangler Unlimited VIN #1C4BJWDG4EL307998 (the "Collateral"), as evidenced by the Certificate of Title, a copy of which is attached hereto as Exhibit "B" and incorporated herein by reference.

3. On April 1, 2026 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").[1] Movant was not notified of the bankruptcy filing.

[1] Subsequent references to the Bankruptcy Code are by section number only.

4. Along with his schedules, on June 22, 2026, the Debtor filed a Statement of Intention, which provides that the Debtor will surrender the Collateral.

5. The loan balance is $13,432.93. The Loan Agreement is in default and payments are due and owing from March 6, 2026, forward for a total of $1,950.00. Debtor has valued the Collateral at $11,000.00. Therefore, there is no equity in the Collateral.

## JURISDICTION AND VENUE

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

By this motion (the "Motion"), Movant requests entry of an order granting it relief from the automatic stay imposed by § 362(a) as to the Collateral so that it may exercise its remedies available under nonbankruptcy law with respect to same, including sending any required notices. Movant also requests that the Court waive the Fed. R. Bankr. P. 4001(a)(4) enforcement stay so that such relief may become effective immediately.

## LEGAL ARGUMENT

Movant is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2). Creditor moves for relief from stay as to the Collateral being surrendered by the Debtor.

In light of the foregoing, Movant requests relief from the automatic stay as to the Collateral so that it may exercise its remedies available under applicable nonbankruptcy law to liquidate same.

Movant agrees to waive any claim that may arise under 11 U.S.C. §§ 503(b) or 507(b) as a result of this Motion.

WHEREFORE, Movant prays that the Court grant it relief by terminating the automatic stay as to the Collateral referenced in this Motion and to make the Collateral available for turnover to Movant, for waiver of the Rule 4001(a)(4) enforcement stay, and for its attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ David B. Wheeler

David B. Wheeler, USDC No. 4601
Cynthia Jordan Lowery, USDC No. 5501
Reid E. Dyer, USDC No. 10723
MOORE & VAN ALLEN PLLC
78 Wentworth Street
Charleston, SC 29401
Telephone: (843) 579-7000
ATTORNEYS FOR SOUTH CAROLINA
FEDERAL CREDIT UNION

June 30, 2026

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CASE NO. 26-01412-eg |
| WILLIE ADDAE TURRAL, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 30, 2026, copies of the NOTICE OF HEARING-MOTION FOR RELIEF FROM AUTOMATIC STAY and the MOTION OF SOUTH CAROLINA FEDERAL CREDIT UNION FOR RELIEF FROM THE AUTOMATIC STAY were placed in an envelope with first-class postage, prepaid, and mailed to the pro se Debtor:

WILLIE ADDAE TURRAL
114 Folly Road
St. Helena, SC 29920
Pro se Debtor

The Chapter 7 trustee and United States Trustee were served via CM/ECF only:

Kevin Campbell, Ch 7 Trustee (via cm/ecf only)

U.S. Trustee's office (via cm/ecf only)

/s/Julie M. Chanson
Julie M. Chanson, Paralegal
Moore & Van Allen PLLC
78 Wentworth Street
Charleston, SC 29401
(843) 579-7000

Exhibit A

# LAW 553-SC-ARB-eps 8/22

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| WILLIE REDWOOD-TURRAL<br>114 FOLLY RD<br>SAINT HELENA ISLAND, SC BEAUFORT, 29920<br><br>Cell: N/A<br>Email: | N/A<br><br>Cell: N/A<br>Email: N/A | HUDSON NISSAN<br>7331 RIVERS AVE<br>CHARLESTON, SC 29406 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2014 | JEEP WRANGLER UNLIMITED | 1C4BJWDG4EL307998 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural ☐ N/A |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 2,100.00 is |
|---|---|---|---|---|
| 9.99 % | $ 6,187.50 | $ 22,117.50 | $ 28,305.00 | $ 30,405.00 |

**Your Payment Schedule Will Be:** (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $ 471.75 | Monthly beginning 11/11/2023 |
| One Final Payment Of | $ N/A | On N/A |

N/A

**Late Charge.** If a payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late, with a minimum charge of $ 9.20. The charge will not exceed $ 23.00 if you bought the vehicle primarily for personal, family, or household use. We may charge the maximum and minimum late charge dollar amounts as allowed by S.C. Code Ann. 37-1-109 of the South Carolina Consumer Protection Code.

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Returned Check Charge:** You agree to pay a charge of $30.00 if any check you give us is dishonored.

☐ If this box is checked, the following late charge applies to vehicles purchased primarily for business or agricultural use.
If a payment is not received in full within N/A days after it is due, you will pay a late charge of $ N/A or N/A % of the part of the payment that is late, whichever is less.
If this box is not checked, the late charge in the "Federal Truth-In-Lending Disclosures" still applies.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos.

N/A
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X N/A

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 4 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X [signature] Co-Buyer Signs X N/A

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Buyer Signs X [signature] Co-Buyer Signs X N/A



2305188299 - 2305188309 eOriginal Document Export - Original 10/03/2023 09:22:40 AM EDT

**ITEMIZATION OF AMOUNT FINANCED**

1 Cash Price (including $ N/A sales tax and $ 769.00 closing fee) $ 23,660.00 (1)

2 Total Downpayment =

Trade-In N/A
(Year) (Make) (Model)

| | |
|---|---|
| Gross Trade-In Allowance | $ N/A |
| Less Pay Off Made By Seller to N/A | $ N/A |
| Equals Net Trade In | $ N/A |
| + Cash | $ 2,100.00 |
| + Other N/A | $ N/A |
| + Other N/A | $ N/A |
| + Other N/A | $ N/A |

(If total downpayment is negative, enter "0" and see 4J below) $ 2,100.00 (2)

3 Unpaid Balance of Cash Price (1 minus 2) $ 21,560.00 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf
(Seller may keep part of these amounts):

A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
Life $ N/A
Disability $ N/A — $ N/A

B Vendor's Single Interest Insurance Paid to Insurance Company $ N/A

C Other Optional Insurance Paid to Insurance Company or Companies $ N/A

D Optional Gap Contract $ N/A

E Official Fees Paid to Government Agencies
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A

F Government Taxes Not Included in Cash Price $ N/A

G Government License and/or Registration Fees
N/A
REGISTRATION FEE $ 42.50

H Government Certificate of Title Fees $ 15.00

I Infrastructure Maintenance Fee $ 500.00

J Other Charges (Seller must identify who is paid and describe purpose)

| to | for | Amount |
|---|---|---|
| to N/A | for Prior Credit or Lease Balance | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf $ 557.50 (4)

5 Amount Financed (3 + 4) $ 22,117.50 (5)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A, Year N/A. SELLER'S INITIALS N/A

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is $** N/A and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**Insurance. You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us.** You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

## Optional Credit Insurance

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both

☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:

Credit Life $ N/A

Credit Disability $ N/A

Insurance Company Name N/A
N/A

Home Office Address N/A
N/A

**CONSUMER CREDIT INSURANCE IS NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL COST.** Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

## Other Optional Insurance

☐ N/A (Type of Insurance) N/A (Term)

Premium $ N/A

Insurance Company Name N/A
N/A

Home Office Address N/A
N/A

☐ N/A (Type of Insurance) N/A (Term)

Premium $ N/A

Insurance Company Name N/A
N/A

Home Office Address N/A
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the optional credit insurance and other insurance checked above.

X N/A — Buyer Signature; N/A — Date

X N/A — Co-Buyer Signature; N/A — Date

☐ **IF CHECKED, THE TERM OF OPTIONAL CREDIT INSURANCE IS LESS THAN THE TERM OF THIS CONTRACT, AS DESCRIBED ABOVE.**

X N/A — Buyer Signature; N/A — Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

Buyer Signs X [signature] Co-Buyer Signs X N/A

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the Amount Financed, and to other amounts you owe under this contract in any order we choose as the law allows.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.
   e. **You may refinance a balloon payment.** A balloon payment is a scheduled payment that is more than twice as large as the average of your earlier scheduled payments. If you are buying the vehicle primarily for personal, family, or household use, you may refinance the balloon payment when due without penalty. The terms of the refinancing will be no less favorable to you than the terms of this contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods put on it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service, or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

   This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.
   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract.
   If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
   If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default) we may demand that you pay all you owe at once after we give you any notice the law requires. Default means:
   - You do not make any payment when due; or
   - You start a proceeding in bankruptcy or one is started against you or your property; you give false, incomplete, or misleading information during credit application; or you break any agreements in this contract; except that if you bought the vehicle primarily for personal, family, or household use, we will only treat these events as defaults if they significantly impair the prospect of payment, performance, or realization of the collateral.

   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's reasonable fee and court costs as the law allows. The maximum attorney's fee you will pay will be 15% of the amount you owe. You will also pay the reasonable expenses we incur in realizing on our security interest as the law allows.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you after we give you any notice the law requires. We may only take the vehicle if we do so peacefully without entering into a dwelling used as a current residence. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
   We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney's fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us, unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest rate permitted by applicable law.

Buyer Signs X [signature] Co-Buyer Signs X N/A

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

6. **SERVICING AND COLLECTION CONTACTS**
In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.
You agree that you will, within a reasonable time, notify us of any change in your contact information.

7. **APPLICABLE LAW**
Federal law and the law of the state of South Carolina apply to this contract.

8. **NEGATIVE CREDIT REPORT NOTICE**
**We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

## ARBITRATION PROVISION
## PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator only on an individual basis and not as a plaintiff in a collective or representative action, or a class representative or member of a class on any class claim. The arbitrator may not preside over a consolidated, representative, class, collective, injunctive, or private attorney general action. You expressly waive any right you may have to arbitrate a consolidated, representative, class, collective, injunctive, or private attorney general action. You or we may choose the American Arbitration Association (www.adr.org) or National Arbitration and Mediation (www.namadr.com) as the arbitration organization to conduct the arbitration. If you and we agree, you or we may choose a different arbitration organization. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this transaction was originated. We will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization require us to pay more. You and we will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee over $5,000 in accordance with the rules and procedures of the chosen arbitration organization. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate any related or unrelated claims by filing any action in small claims court, or by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual or statutory public injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. You agree that you expressly waive any right you may have for a claim or dispute to be resolved on a class basis in court or in arbitration. If a court or arbitrator finds that this class arbitration waiver is unenforceable for any reason with respect to a claim or dispute in which class allegations have been made, the rest of this Arbitration Provision shall also be unenforceable.

Buyer Signs X [signature] Co-Buyer Signs X N/A

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X [signature] Co-Buyer Signs X N/A

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See the rest of this contract for other important agreements.**

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision on page 4, before signing below. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs X [signature] Date September 27, 2023 Co-Buyer Signs X N/A Date N/A

Buyer Printed Name WILLIE REDWOOD-TURRAL Co-Buyer Printed Name N/A

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name N/A Title N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X N/A Address N/A

Seller signs HUDSON NISSAN Date September 27, 2023 By X [signature] Title Bus Mngr

Seller assigns its interest in this contract to South Carolina Federal Credit Union (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse ☒ Assigned without recourse ☐ Assigned with limited recourse

Seller HUDSON NISSAN

By X [signature] Title Bus Mngr

Exhibit B

vitu | DDI Technology™

# Electronic Title Copy

| Vehicle ID Number | Year | Make | Model | Body Style | Lic Plate | Reg Exp |
|---|---|---|---|---|---|---|
| 1C4BJWDG4EL307998 | 2014 | JEEP | WRANGL | SU | | |

| Weight | New/Used | Vehicle Color | Odometer | State | Date Issued |
|---|---|---|---|---|---|
| 4277 | Used | | 103331 | SC | 10-09-2023 |

Title Number
2020452034941

Full Name of Owner(s)
WILLIE ADDAE REDWOOD-TURRAL
114 FOLLY RD
SAINT HELENA ISLAND, SC 299204402

Liens(s)
SOUTH CAROLINA FEDERAL CREDIT UNION
PO BOX 190012
NORTH CHARLESTON, SC 294199012

Lien Date: 09-27-2023
ELT Number: 570323645
LTN:

* Information has been supplied by the lienholder, not the state titling agency.

Document ID: HDK9AYVFBA

**THIS IS NOT A TITLE**
This is an official Premier eTitleLien® Report generated by a customer of DDI Technology.

vitu | DDI Technology™